**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000392
24-MAR-2015
08:10 AM**

NO. CAAP-14-0000392

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CAROLYN MIZUKAMI, Plaintiff-Appellant, v.
DON QUIJOTE (USA) COMPANY, LTD. and DTRIC INSURANCE
COMPANY, LTD., Defendants-Appellees, and
DOES 1-10, Defendant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-3273)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Reifurth, JJ.)

Plaintiff-Appellant Carolyn Mizukami (**Mizukami**) appeals from a Circuit Court of the First Circuit[1] (**circuit court**) Hawai'i Rules of Civil Procedure (**HRCP**) Rule 54(b) certified judgment in favor of Defendant-Appellee DTRIC Insurance Company, Ltd. (**DTRIC**).

On December 21, 2012, Mizukami filed a Complaint against Defendant-Appellee Don Quijote (USA) Co. Ltd. (**Don Quijote**), and DTRIC for personal injuries that she allegedly suffered on the premises of a grocery store.

On January 10, 2013, Don Quijote filed an answer to Mizukami's Complaint, and on January 14, 2013, filed a motion to dismiss Mizukami's Complaint.

On January 28, 2013, Mizukami filed a statement that Glenn Mizukami was appearing in this case as her attorney in

---

[1]     The Honorable Virginia L. Crandall presided.

fact.  On February 1, 2013, Don Quijote and DTRIC filed an objection to Mizukami's statement.

On February 28, 2013, the circuit court entered an interlocutory order sustaining Don Quijote and DTRIC's objection to Glenn Mizukami as the attorney in fact for Mizukami.  This interlocutory order declares that Glenn Mizukami is not licensed to practice law, and that he shall not appear on behalf of Mizukami before the circuit court or in any pleadings in this case.

On March 28, 2013, Mizukami filed a notice of appeal under appellate case no. CAAP-13-0000385 from the February 28, 2013 interlocutory order sustaining Don Quijote and DTRIC's objection to Glenn Mizukami as her attorney in fact.  On May 16, 2013, this court entered an order dismissing this case for lack of appellate jurisdiction.

On August 21, 2013, the circuit court entered an order granting DTRIC's January 14, 2013 motion to dismiss Mizukami's Complaint (**Dismissal Order**).

On October 17, 2013, the circuit court entered an HRCP Rule 54(b) certified judgment in favor of DTRIC (**DTRIC Judgment**) and against Mizukami as to all claims in Mizukami's Complaint. The DTRIC Judgment enters judgment only as to Mizukami's claims against DTRIC.

On October 21, 2013, Mizukami filed an HRCP Rule 60(b) motion to reverse several prior orders, including the Dismissal Order that was the basis for the DTRIC Judgment.  We treat this motion as an HRCP Rule 59 motion for reconsideration of the DTRIC Judgment.

On January 28, 2014, Mizukami filed a notice of appeal criticizing the circuit court's various rulings in this case.

On January 29, 2014, the circuit court entered a post-judgment order denying Mizukami's October 21, 2013 HRCP Rule 60(b) motion for reconsideration of the DTRIC Judgment.

On February 21, 2014, Mizukami filed a first amended notice of appeal which again criticized the circuit court's various rulings in this case.  On March 7, 2014, Mizukami filed a

second amended notice of appeal that once again criticized the circuit court's various rulings in this case.

The DTRIC Judgment enters judgment only as to Mizukami's claims against DTRIC and does not enter judgment as to Mizukami's claims against Don Quijote. The DTRIC Judgment contains an express finding of no just reason for delay in the entry of judgment as to one or more but fewer than all claims or parties pursuant to HRCP Rule 54(b) an appealable final judgment pursuant to Hawaii Revised Statutes § 641-1(a) (1993), HRCP Rule 54(b), and HRCP Rule 58.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude this appeal is without merit.

DTRIC filed a timely motion to dismiss Mizukami's Complaint on the grounds that the Complaint failed to state a claim against DTRIC and because direct actions against insurers are not permitted under Hawai'i law. Mizukami's Complaint does not contain allegations against DTRIC.

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would have entitled him or her to relief." In re Estate of Rogers, 103 Hawai'i 275, 280, 81 P.3d 1190, 1195 (2003). "[O]ur consideration is strictly limited to the allegations of the complaint, and we must deem those allegations to be true." Id. at 281, 81 P.3d at 1196.

Mizukami's Complaint did not have any allegations which were directed specifically at DTRIC (other than the allegation that DTRIC is the "surety" of Don Quijote). Even if the allegations of the Complaint were deemed to be true, there would be no legal basis for any claim against DTRIC because Hawai'i law does not allow direct actions against insurers. Olokele Sugar Co. v. McCabe, Hamilton & Renny Co., 53 Haw. 69, 72, 487 P.2d 769, 771 (1971). Mizukami is not entitled to any relief against DTRIC in the lawsuit, and the circuit court's dismissal of

Mizukami's Complaint as to DTRIC was warranted under HRCP 12(b)(6).

Therefore,

IT IS HEREBY ORDERED that the October 17, 2013 "Judgment As To All Claims Against Defendant DTRIC Insurance Company, Ltd." entered in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawaiʻi, March 24, 2015.

On the briefs:

Carolyn Mizukami
Plaintiff-Appellant pro se.

Richard B. Miller
Patricia Kehau Wall
(Tom Petrus & Miller)
for Defendants-Appellees.

Presiding Judge

Associate Judge

Associate Judge